CHARLES A. JACKSON
# 1101342
MARK STILES 3060 FM 3514
BEAUMONT, TX 77705

TARRANT COUNTY                          WRIT NO C-1-010414-0810273-B
THOMAS A. WILDER
DISTRICT CLERK-CRIMINAL
401 W. BELKNAP                          DATE: 10-04-15
FORT WORTH, TX 76196-0402


DEAR CLERK PLEASE FIND INCLOSED THE FOLLOWINGPRO SE APPLICANT
OBJECTION TO THE STATE'S  PROPOSED MEMORANDUM FACTS FINDINGS AND
CONCLUSIONS OF LAW AND BRING IT TO THE ATTENTION OF THE COURT
IMMEADITLY FOR CONSIDERATION IN THE COURTS FACTS FINDINGS AND
CONCLUSIONS  APPLICANT WOULD ASK THE CLERK THAT THEY PRESENT HIS
OBJECTION TO THE COURT WITHOUT DELAY DUE TO TIME LIMITS AND
MAILING TIME TRAVEL.  APPLICANT WOULD ALSO ASK THE CLERK TO FILE
DATE STAMP AND RETURN. SO THAT APPLICANT WOULD BE ADVISED THAT
HIS OBJECTION HAS BEEN PRESENTET TO THE COURT FOR CONSIDERATION.


                              RESPECTFULLY SUBMITTED,

                              Charles

C-1-010414-0810273-B

EXPARTE            &     IN THE CRIMINAL DISTRICT

                         &     COURT NO.1 OF

                         &

CHARLES ALFRED JACKSON     &     TARRANT COUNTY, TEXAS

**APPLICANT'S OBJECTION TO THE STATE'S PROPOSED MEMORANDUM,**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

TO: THE HONORABLE JUDGE OF SAID COURT,

THE APPLICANT IN THE ABOVE NUMBERED CAUSE HAS FILED HIS 11.07 WRIT. ALLEGING THAT HE IS BEING UNLAWFULLY RESTRAINED BECAUSE £1● HE RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS TRIAL COUNSEL ANDF APPEALATE COUNSEL TRIAL COUNSEL WAS INEFFECTIVE IN GROUNDS ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN EIGHT, AND TEN, AND APPELLATE COUNSEL WAS INEFFECTIVE IN GROUNDS NINE.

THE DISTRICT ATTORNEY, AND BOTH TRIAL AND APPEAL COUNSEL"S HAVE ALLEDGED THAT ALL THESE HARMFUL GROUNDS OF ERROR WERE THE RESULTR OF TRIAL STRATEDGY. APPLICANT OBJECTS TO THES FINDINGS AND STATE'S THE FOLLOWING:

IN EIGHT OF THE APPLICANTS EVIDENCE PRESENTED IN THE WRIT ALL SUPPORTED BY THE RECORD OF THIS COURT THE WRIT SHOULD BE GRANTED AND RELIEF AFFORDED THE APPLICANT. THE APPLICANT HAS RAISED THESE GROUNDS O IN THE INTREST OF JUSTICE AND HAS DONE WHAT THE LAW DEMANDS IN ORDER TO GET RELIEF ON A WRIT .
YET INSPITE OF THE EVIDENCE PRESENTED BY THIS APPLICANT, EVIDENCE OF A CLEAR APPEALLATE AND TRIAL COUNSEL INEFFECIVNESS TO THIS APPLICANT FROM START TO FINISH AT TRIAL AND APPEAL.

YET INSPITE OF ALL THIS THE DISTRICT ATTORNEY'S OFFICE HAS THIS COURT TO OVERLOOK THIS EVIDENCE,BY ASKING THIS COURT TO CONSIDER THE FINDING OF THEIR OFFICE TO DENY APPLICANT'S WRIT.

THE DISTRICT ATTORNEY AND BOTH TRIAL AND APPEAL ATTORNEYS HAVE ATTEMPTED TO SUBTEFUDGE THE ALLPICANT'S WRIT BY CASTING SMOKE SCREANS AND ONLY SOUND BITES OF APPLICANT'S GROUNDS AND FAILING TO FULLY ADDRESS THE FULL ISSUES IN THE GROUND OF ERROR IN HIS WRIT.

APPLICANT NOW ASK THIS COURT TO PLEASE KEEP IN MIND THE FOLLOWING

|

IN GROUND ONE APPLICANT STATED THAT COUNSEL FAILED TO STRIKE
BIASED AND DISQUALIFIEDJURORS

THE STATE RESPONDED CITING THAT THERE IS NO EVIDENCE TO THAT
MNRS BEILE WAS BIASEDAGAINSTAPPLICANT

APPLICANT ASSERTS THAT WHEN MRS BEILE MADE HER ASSCMENT THAT CHILDREN
AREMORE OFTEN CREDIABLE OR HONEST THAT IT REPERSENTED DIRECT BIASED
ATTITUDE TOWARDS THE APPLICANT ESPECIALLY CONSIDERING THAT MRE BEILE
IS BELIVED TO BE IN THE EVERYDAY DEALINGS WITH CHILDREN IN THE
EDUCATION FIELD. THE APPLICANT HAS PRESENTED CASE LAW IN HIS WRIT
CITING THAT ONCE A JUROR HAS MADE BIASED STATEMENTS THEY ARE DISQU-
ALIFIED EVEN IF THEY STAT THEY CAN BE FAIR . WHICH IS THE INSTANT
IN THIS CASE. MRS. BEILE SHOULD HAVE BEEN STRUCK BY TRIAL COUNSEL


IN GROUND TWO APPLICANT STATE'S THAT COUNSEL FAILED TO LODGE A
RUNNING OBJECTIONTO THE IMPROPERLY ADMITTED EXTRANEOUS HEARSAY EVID-
ence.
the state responded citing that MR KLINE OBJECTED TO ARACELI DESMARIS
TESTIMONY OM SEVERAL OCCASSIONS. THIS IS AN ATTEMPT TO SUBTERFUDGE
APPLICANTS GROUND BECAUSE ALTHOUGH MR KLINE MAY HAVE OBJECTED TO
OTHER TESTIMONY BY ARACELIDESMARIS. THE RECORD IS CLEAR THAT HE ONLY
OBJECTED ONE TIME TO THE TO THE HEARSAY TESTIMONY IN APPLICANT'S WRIT
(SEE SECOND COURT OF APPEALS MEMORANDUM OF LAW)
THE STATE HAS ALSO STATED THAT MR KLINES FAILURE TO OBJECT WAS
TRIAL STRATEGY. APPLICANT ASSERTS WHAT KIND OF TRIAL STRATEDGY WOULD
COULD MR KLINE BE TRYING TO DO BY NOT PRBB PROPERLY PRESERVING
EVIDENCE OF THE REVERSIABLE NATURE FOR APPEALLATE REVIEW. IF IT WAS
TRIAL STRATEDGY IWAS NOT SOUND TRIAL STRATEDGY.

THE TEXAS RULES OF EVIDENCE ARE CLEAR . WHEN PRESERVING EVIDENCE
FOR APPEALATE REVIEW ONE MUST OBJECT EACH AND EVERY TIME OR ASK FOR
A RUNNING OBJECTION. WHEN MR KLINE FAILED TO DO THIS HIS PERFORMANCE
BECAME DEFICIENT. BUT THE DISTRICT ATTORNEY WOULD HAVE THIS COURT TO
BELIEVE THAT WHAT HE DID WAS TRIAL STRATEGY AND WAS ALRIGHT.

IN GROUND THREE APPLICANT STATE'S THATCOUNSEL FAILED TO REQUEST
A LIMITING INSTRUCTIONTO EXTRANEOUS ACTS OF EVIDENCE
THE DISTRICT ATTORNEY AND TRIAL COUNSEL HAS STATED THIS WAS TRIAL
STRATGY BECAUSE HE DID NOT WANT TO DRAW THE JURY'S ATTENTION TO

2

applicant asserts that this could not have been trial strategy because THE JURY's ATTENTION WAS ALREADY FOCUSED ON THIS THE FACT THAT THIS EXTRANEOUS ACTS EVIDENCE WAS SO POWERFUL NOT EVEN A PETTIFOGGER WOULD HAVE ALLOWED THIS TYPE OF TESTIMONY IN FRONT OF A JURY. COUNSEL WAS DEFICIENT IN HIS PERFORMANCE FOR ALLOWING THIS TO TAKE PLACE IN FRONT OF THE JURY AND HE ABANDONED HIS CLIENT AT A CRUCIAL TIME OF THE PERCEEDINGS..

IN GROUND FOUR APPLICANT STATE's COUNSE FAILED TO OBJECT TO IMPERMISSIBLE BOLSTERING OF THE STATE'S WITNESS.

THESTATE RESPONDED CITING THAT: HON. KLINE TO NOT OBJECT TO TESTIMONY THAT THE VICTIM HAD A REPUTATION FOR BEING TRUTHFUL WAS THE RESULT OF REASONABLE TRIAL STRATGY.

APPLICANT OBJECTS TO THIS BECAUSE AS STATED BY THE COUNSEL AND D.A.s OFFICE THE ONLY REAL ISSUE AT TRIAL WAS THE CREDIABILITYOF THE VICTIM SO FOR COUNSEL TO ALLOW TESTIMONY OF TRUTHFUL CREDIABILITY TO BE AWARDED TO THE PROSECUTION WITNESS WITHOUT EVEN ATTEMPTING TO LODGE AN OBJECTION WAS THE RESULT OF DEFICIENT PERFORMANCE AND WAS NOT SOUND TRIAL STRATEGY NOT EVEN A PETTYFOGGER WOULD HAVE ALLOWED THIS TYPE OF BOLSTERING OF A WITNESS WITHOUT CHALLENGING IT. COUNSEL WAS INEFFECTIVE IN HIS COUNSEL OF APPLICANT.

IN GROUND FIVE APPLICANT STATES THAT COUNSEL FAILES TO OBJECT TO PROSECUTORAL MISCONDUCT DURING GUILT/ INNOCENCE PHASE OF TRIAL CLOSING ARGUMENTS.

THE STATE RESPONDED CITING THAT THE STATE'S ARGUMENT THAT THE APPLICANT WAS A PEDOPHILE WAS A SUMMATION OF THE EVIDENCE AND A PLEA FOR LAW INFORCEMENT.

APPLICANT HAS ALREADY STATED THAT THE DISTRICT ATTORNY IS TRYING TO SUBTERFUDGE HIS WRIT HEAR THEY ARE DOING IT AGAIN FIRST BY ONLY ANSWERING PART OF GROUND FIVE APPLICANT WOULD SHOW THE COURT THAT IN GROUND FIVE HE IDENTIFYS THREE SEPERATE SITUATIONS WHERE THE PROSECUTION INGAGED IN MISCONDUCT WITHOUT HIS COUNSEL LODGING AN OBJECTION. THE PROSECUTION HAS FAILED TO EVEN ADDRESS APPLICANT'S OTHER TWO COMPLAINTS IN GROUND FIVES NAMELY THE IMPROPER BOLSTERING ON THE CREDIABILITY OF THE STATE"S EXPERT WITNESS BY REFERING TO

THE MEDICAL TREATMENT AND DIAGNOISAS FINDINGS THAT THE JURY COULD
RELY ON CONCERNING THEVICTIM APRIL WILLIAMS APPLICANT SUPPORTS
THIS BY THE RECORD (SEE WRIT MEMORANDUM GROUND FIVE).

FURTHER MORE THE ARGUMENTS BY THE PROSECUTION WAS NOT A
REASONABLE DEDUCTION FROM THE EVIDENCE AND CONSTITUTES A REVERSIBLE
ERROR. WHEN THE PROSECUTION ARGUED THAT APPLICANT WAS A PEDOPHILE
THE ARGUMENT WAS SO PREJUDICAL THAT AN INSTRUCTION TO THE JURY TO
DISREGUARD BY THE JUDGE COULD NOT HAVE CURED THE HARM. YET
APPLICANT'S TRIAL COUNSEL NEVER ATTEMPTED TO OBJECT.
MOTELY V. STATE, 873 S.W. 2D 283 (Tex. Cr. App. 1989),
ALEJANDRO V. STATE, 698 S.W. 2d 230 (Tex. Cr. App. 1973).
(ALSO SEE WRIT MEMORANDUM OPINION).

IN GROUND SIX APPLICANT STATED THAT HIS COUNSEL FAILED TO OBJECT
TO THE EXPERT WITNESS TESTIMONY CONCERNING THE TRUTHFULNESS OF
THE VICTIM.
THE STATE RESPONDED CITING THE STATE's VOUCHING FOR THE CREDIBILITY
OF THE ARACELI DESMARIS (THE EXPERT WITNESS) WAS A REASONABLE
DEDUCTION                    FROM THE EVIDENCE.
APPLICANT'S ASSERTION OF THIS IS THAT THE PROSECUTION IS ONCE
AGAIN TRYING TO SUBTERFUDGE HIS WRIT AND DECIEVE THIS COURT WITH
SMOKE AND MIRRORS THE PROSECUTION KNOWS FULL WELL THAT IN NO WAY
NOR AT ANYTIME DOES THE LAW APPROVE OF OR ALLOW THE BOLSTERING OF
A WITNESS ESPECIALLY AN EXPERT WITNESS. EXPERT TESTIMONY THAT A
PARTICULAR WITNESS IS TRUTHFUL IS ABSOLUTLY INADMISSIBLE UNDER
RULE 702 OF TEX. R. EVID. PLEASE SEE( WRIT MEMORANDUM)
NO COMPENEENT ATTORNEY WOULD HAVE ALLOWED THIS TYPE OF TESTIMONY
IN FRONT OF A JURY.

IN GROUND SEVEN APPLICANTE STATED THAT HIS TRIAL COUNSEL FAILED TO
OBJECT TO IMPROPER PUNISHMENT JURY ARGUMENTS BY PROSECUTION DURING
PUNISHMENT PHASE AMOUNTING TO REVERSIBLE ERROR..
THE STATE RESPONDED CITING THAT THE STATE'S ARGUMENTTHAT APPLICANT
WAS A PEDOPHILE WAS A SUMMATION OF THE EVIDENCE AND A PLEA FOR
LAW ENFORCEMENT.
APPLICANT CONEENDS THAT THIS WAS NOT JUST AN ARGUMENT FOR THE
FORT WORTH POLICE DEPT. BUT FOR ALSO FOR THE VICTIM AND THE COMMUNITY
THIS ARGUMENT PLEA FOR THE FORT WORTH POLICE AND COMMUNITY SENTIMENT

4

AS WELL AS FOR THE VICTIM     THE PROSECUTORS ARGUMENTS AMOUTED
TO REVERSIBLE ERR BECAUSE SHE IMPLIED THAT THE VICTIM, THE FORT
WORTH POLICE, THAT THE TARRANT COUNTY COMMUNITY DEMANDS JUSTICE
FOR A PARTICULARPUNISHMENTAND THEN MADE A PLEA TO THE JURORS TO
HEED TO THE DEMANDS OF THE COMMUNITY FOR A (60) YEAR SENTENCE AND
A (20) YEAR SENTENCE. SEE(R.R. VOL. 4 OF 5 AT PAGES 71-72) ALSO
SEE( APPLICANT'S WRIT AND MEMORANDUM BRIEF).THIS IS ALL SUPPORTED
BY THE RECORD WITHOUT COUNSEL EVER ATTEMPTEING TO OBJECT.
IN GROUND EIGHT APPLICANT STATED THAT HIS COUNSEL FAILED TO PERSERVE
THE REVERSIBLE ERROR OF TRIAL COBRTS IMPROPER WRITTEN COMMUNICATIONS
BETWEEN THE COURT AND JURY AND GIVING ADDITIONAL INSTRUCTIONS.TO
THE JURY IN VIOLATION OF ART.36.27 and 36.28.

The State responded citine that hon. kline DID NOT OBJECT TO
THE COURT'S WRITTEN COMMUNICATION WITH THE JURY BECAUSE THE COURT
ALLOWED HIM TO EXAMINE THE NOTE AND THE COURT'S RESPONSE.

THE APPLICANT OBJECTS TO THIS STATEMENT BY THE TRIAL ATTORNEY
AND THE DISTRICT ATTORNEY FOR THE FOLLOWING REASONS: (1) THE APPLI-
CANT'S  WRIT APPLICATION AND HIS WRIT BRIEF CLEARLY STATE THAT HIS
COMPLAINT IS THAT HIS COUNSEL FAILED TO OBJECT TO THE COMMUNICATION
of the court to the jury which was IMPROPER COUNSEL'S FAILURE TO
OBJECT TO THE JURY NOTE AND THE IMPROPER COMMUNICATION OF THE COURT
WITH THE JURY IS ENOUGH TO SHOW THAT HE IS INEFFECTIVE AND DEFICIENT
IN HIS PERFORMANCE BECAUSE HE ALLOWED THE VIOLATIONS OF ART. 36.27
AND ART. 36.28  TO BE DONE BY THE TRIAL COURT AND FAILING TO
PERSERVE THIS REVERSIBLE ERROR FOR APPEALLATE REVIEW.
APPLICANT CLEARLY STATES RIGHT THAT HE NEVER KNEW OF ANY JUROR NOTE
OR COMMUNICATION WITH THE COURT AND JURY UNTIL HE RECIEVED HIS
TRIAL TRANSCRIPT AND CLERKS RECORD SEVERAL YEARS AFTER THE TRIAL OF
HIS IN 2002. APPLICANT ASSERTS AS WELL THAT IT IS HIGHLY UNLIKELY
THAT HIS TRIAL COUNSEL KNEW OF ANY JUROR NOTE OR COMMUNICATION WITH
THE COURT AS WELL HE IS JUST TRYING TO GET OUT OF THE  INEFFECTIVE
ASSISTANCE OF COUNSEL CLAIM AGAINST HIM. BUT THE RECORD IS CLEAR
THAT NOTHING WAS EVER TRANSCRIBED TO SHOW THAT THE APPLICANT OR HIS
ATTORNEY WERE EVER GIVEN A CHANCE TO OBJECT, NOTHINGS IN THE RECORD
TO SHOW THAT THE APPLICANT WAS BROUGHT BACK TO COURT TO HAVE THE
JURBYNOTE READ OR OBJECTED AND THIS IS A VIOLATION OF ART.36.27, AND
36.28

5

THE APPLICANT WOULD ASK THIS COURT TO REVIEW HIS WRIT IN IT'S ENTIRTY DUE TO THE FACT THAT THA THE DISTRICT ATTORNEY IS ATTEMPTING ANSWER ONLY CERTAIN PARTS OF APPLICANT'S WRIT.

IN GROUND TEN APPLICANT STATED THAT HIS COUNSEL DENIED HIM EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PUNISHMENT PHASE.

THE STATE RESPONDED CITING TRIAL STRATGY,AND THAT THERE IS NO EVIDENCE THAT A REASONABLE LIKELIHOOD EXIST THAT THE OUTCOME OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT HAD COUNSEL NOT INQUIRED.

THE APPLICANT FEELS THE NEED TO INFORM THE COURT THAT GROUND TEN OF HIS WRI HAS NUMEROUS ERRORS IN HIS WRIT THAT HE COMPLAINS OF ERRORS SO HARMFUL THAT THEY REQUIRE A REVERSIAL TRIAL COUNSEL AND THE D.A. HAVE CITED THAT HIS ACTIONS WERE OF TRIAL STRATEGY AND THAT NO EVIDENCE HAS BEEN PRESENTED TO THE COURT . APPLICANT OBJECTS TO THE ALLEGATIONS OF TRIAL STRATEGY BY HIS ATTORNEY . AND APPLICANT OBJECTS TO THE D.A. STATEING THAT HE HAS PRESENTED NO EVIDENCE THE APPLICANT WOULD ASK THIS COURT TO CINSIDER THE EVIDENCE HE HAS PRESENTED IN HIS WRIT WHICH IS ALL SUPPORTED BY THE TRIBL COURTS RECORD . APPLICANT HAS FILED HIS WRIT IN THE INTREST OF JUSTICE. TO SHOW HOW HIS CONSTITUTIONAL RIGHTS WERE VIOLATED AND HE DOES NOT WANT TO BE DENIED RELIEF JUST BECAUSE HIS TRIBS COUNSEL WOULD TRY TO HIDE BEHIND TRIAL STRATGY

THE APPLICANT HAS FILED ATLEAST 20 grounds of error and in each ONE TRIAL COUNSEL HAS CLAIMED TRIAL STRATEGY, AND EVEN IF IT WAS TRIAL STRATEGY IT WAS NOT SOUND TRIAL STRATEGY . THE FAILURE TO OBJECT IN SO MANY INSTANCES WHERE HE SHOULD HAVE OBJECTED CONSTITUTES DEFICIENT PERFORMANCE.
THE APPLICANT NOW ASK THIS COURT TO TAKE JUDICAL NOTICE OF ALL HIS GROUNDS
THE APPLICANT HAS STATED NUMEROUS TIMS THAT THE DISTRICT ATTORNEY IS ATTEMPTING TO SUBTERFUGE HIS WRIT AND HE NOW ASK THIS HONORABLE COURT TO CONSTRUE HIS WRITAND ALL THE DOCUMENTS OF HIS WRIT LIBERALLY WITH AN EVE TOWARDS THE ATTAINMENTOF SUBSTANTIAL JUSTICE, IN ORDER TO PROTECT THIS PETITIONER'S RIGHTS AND DUE PROCESS OF LAW.
HUGHES V. ROWEY, 101 S.CT. 173 (1980)

6

## (GROUND NINE IFEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

IN GROUND NIEN NINE APPLICANTED STATED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS APPEALLATE COUNSEL DONALD GANDY.

THE STATE RESPONDED CITING THAT APPLICANT HAS FAILED TO PROVE THATHTHE RECORD ON DIRECT APPEAL WAS SUFFICIENT TO DETERMINE WHETHER TRIAL COUNSEL WAS INEFFECTIVE

THE STATE ALSO CITED THAT COUNSEL DID NOT IMPROPERLY RAISE INEFFECTIVE ASSISTANCE TRIAL CLAIM ON DIRECT APPEAL.

THE STATE ALSO CITED THAT APPLICANT HAS FAILED TO DEMONSTRATE THAT THE VOIR DIRE INCLUDED ERRORS THAT COUNSEL SHOULD HAVE RAISED ON DIRECT APPEAL AND APPLICANT HAS FAILED TO PROVE THAT COUNSEL'S CHOICE OF ISSUE CONSTITUTED DEFICIENT PERFORMANCE.

### THE APPLICANT NOW OBJECTS TO EACH OF THE STATE'S RESPONSES ABOVE AND WOULD SHOW THE COURT THE FOLLOWING:

OBJECTION 1 THE APPLICANT HAS NOT FAILED TO PROVE THAT THE RECORD ON DIRECT APPEAL WAS SUFFICIENT, BECAUSE DONALD GANDY IS AN EXPERIENCED APPEALLATE ATTORNEY IN FACT HE IS LABLED TO BE ONE OF THE BEST IN TARRANT COUNTY. HE IS THE ONE WHOM ORDERED THE DESIGNATION OF THE RECORD FOR APPEAL, AND HE THE ONE RESPONSIBLE TO MAKE SURE THAT HE RECIEVED THE RECORD ON TIME AND IN SUFFICIENT. APPLICANT WOULD POINT-OUT TO THE COURT THAT THE RECORD IS CLEAR THAT HE RECIEVED THE TRIAL RECORDS WITHIN A TIMELY FASHION. ALSO THERE IS NOTHING IN THE RECORD TO SHOW THAT MR. GANDY HAD ANY TYPE OF PROBLEMS RECIEVING THE TRIAL RECORDS FROM THE COURT REPORTER VALERI ALLEN. THERE IS NOTHING IN THE RECORD AT ALL TO SHOW ANY TYPE OF INSUFFIENCY HE MIGHT HAVE HAD. YET THE DIDTRICT ATTORNEY AND MR. GANDY WOULD TRY TO HAVE THIS COURT TOBELIEVE THAT HE DID ALL JUST TO TRY TO DENY THIS APPLICANT DUE RELIEF.

OBJECTION 2 THE STATE HAS ALLEDGED THAT APPLICANT HAS NOT PROVEN THAT APPEALLATE COUNSELS SHOULD HAVE FILED OR RAISAED INEFFECTIVE ASSISTANC OF COUNSEL APPLICANT OBJECTS TO THIS AND SHOWS THIS COURT BY HIS WRIT THAT APPLICANT HAS FILED NUMEROUS GROUNDS OF ERRORS ON HIS TRIAL COUNSEL FOR DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL, AND ALTHOUGH ALL OF APPLICANTS GROUNDS HAVE MERIT ONE GROUND STANDS OUT ALONE

7

AND THAT GROUND IS GROUND EIGHT IN APPLICANTS WRIT, WHERE THE TRIAL COURT HAD IMPROPER COMMUNICATION WITH THE JURY DURING DELIBERATIONS WHEN THE JURY SENT OUT A NOTE TO HAVE TESTIMONY READ BACK TO THEM KEY TESTIMONY FROM THE VICTIM APRIL WILLIAMS THE N TRIAL COURT RESPONDED TO THE JURO NOTE WITHOUT FOLLOWING THE PROVISIONS OF ART # 36.27 AND ART.36.28 OF THE TEX.CODE OF CRIM. PRO. THE APPLICANT WAS NEVER BROUGHT BACK INTO COURT NOR GAVEN A CHANCE TO OBJECT TO THE JURY NOTE OR THE COURTS COMMUNICATION. AND HIS COUNSEL NEVER OBJECTED TO THE NOTE THE COMMUNICATION OR THE VIOLATIONS OF ART. 36.27 AND ART. 36.28  WHICH IS A REVERSIBLE ERROR . DONALD GANDY COULD HAVE RAISED ANY OF THE ISSUES THAT I RAISED.

VET INSTEAD HE RAISED ONE ISSUE ON DIRECT APPEAL AND THAT ONE ISSUE WAS RULED ON BY THE SECOND COURT OF APPEALS AND DEEMED TO BE NOT PROPERLY PRESERVED FOR APPEALLATE REVIEW  A NON- MERTERIOUS ISSUE

<u>VES APPLICANT CONTENDS AND HIS CONTENTIONS ARE SUPPORTED</u>

<u>BY THE TRIAL COURTS RECORD AND THE LAW</u>

<u>MR.GANDY WAS INEFFECTIVE ON APPEAL</u>

SEE: (SECOND COURT OF APPEALS MEMORANDUM IN THE APPENDIX SECTION OF APPLICANTS WRIT )

<u>OBJECTION 3</u>  THE STATE HAS STATED THAT APPLICANT HAS NOT PROVEN THAT COUNSEL'S CHOICE OF ISSUES TO RAISE ON DIRECT APPEAL CONSTITUTES DEFICIENT REPERSENTATION. APPLICANT OBJECTS TO THIS RESPONSE AND WOULD SHOW THE COURT WHY BECAUSE THE RECORD IS CLEAR THAT DONALD GANDY FILED ONLY ONE ISSUE ON DIRECT APPEAL FOR APPLICANT AND THAT GROUND WAS THAT THE THE TRIAL COURT ALLOWED INADMISSABLE EVIDENCE INTO THE RECORD OF OVER APPLICANT'S OBJECTION.THE SECOND COURT OF APPEALS RULD THAT THE GROUND OF ISSUE HAD NOT BEEN PROPERLY PERSERVERED FOR APPEALLATE REVIEW APPLICANT HAS PRESERVED NOTHING FOR REVIEW . THEREFOR WE AFFIRM HIS CONVICTION.

<u>APPLICANT CONTENDS AGAIN THAT NOT ONLY WAS DONALD GANDY</u>
<u>INEFFECTIVE IN HIS COUNSEL WHEN HE FILED THE NON MERTERIOUS</u>
<u>ISSUE ON DIRECT APPEAL BUT HE CAUSED MR JACKSON CONSIDERABLE</u>
<u>HARM BY AFFORDING HIMNO APPEAL AT ALL</u>

SEE:(SECOND COURT OF APPEALS MEMORANDUM IN THE APPENDIX SECTION OF APPLICANT'S WRIT)

8

OBJECTION 4  IN GROUND NINE THE APPLICANT STATED THAT HE RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS APPEALLATE ATTORNEY.

THE STATE RESPONDED CITING THAT APPLICANT HAS FAILED TO SHOW THAT THERE IS A REASONABLE PROBABILITY THAT THE RESULT OF THE APPEALLATE PROCEEDINGS WOULD HAVE BEEN DIFFERENT HAD COUNSEL NOTED THAT THE VOIR DIRE RECORD WAS MISSING.

THE APPLICANT NOW OBJECTS TO THE ABOVE RESPONSES OF THE STATE

THE APPLICANT OBJECTS TO THE STATES RESPONSE THAT HE HAS NOT PROVEN THAT THE RESULT OF THE APPEAL PROCEEDINGS WOULD HAVE BEEN DIFFERENT IF APPEAL COUNSEL HAD NOTED THAT THE VOIR DIRE WAS MISSING

FIRST APPLICANT WOULD REMIND THE COURT THAT THE ISSUE AT HAND HEAR IS THAT DONALD GANDY THE APPEAL ATTORNEY DID FILE HIS DIRECT APPEAL BRIEF WITH THE SECOND COURT OF APPEALS WITHOUT THE VOIR DIRE RECORD . THIS ACT BY ITSELF MAKES HIM INEFFECTIVE IN HIS COUNSEL TO ME ON DIRECT APPEAL.

SECOND SECOND SINCE OBTAINING THE VOIR DIRE MANY YEARS LATTER APPLICANT HAS FILED  SEVERAL GROUNDS OF ERROR REGUARDING BIASED AND DISQUALIFIED JURORS THERE ARE MANY MORE ERRORS IN THE VOIR DIRE THAT MR GANDY WOULD HAVE OR COULD HAVE FILED IF HE WOULD HAVE HAD THE VOIR DIRE BUT HE DID NOT HAVE IT. APPLICANT CONTENDS THAT IF MR. GANDY BEING A HIGHLY TRAINED AND SEASONED  APPEALLATE ATTORNEY PERHAPS BEING ONE OF THE BEST IN TARRANT COUNTY WOULD HAVE HAD THE VOIR DIRE DURING THE DIRECT APPEAL THE PROBABILITY IS EXTREANLY HIGH THAT THE RESULT OF THE PROCEEDINGS WOULD DIFFERENT .

COVETE WITH ALL THAT SAYD THIS COURT MUST TAKE INTO CONSIDERATION THE FACTS OF THE RECORD IN MR.JACKSONS WRIT AND THOSE FACTS ARE THAT 1 mr gandy did file mr jacksons direct appeal WITHOUT THE VOIR DIRE RECORD .2 MR GANDY DID FILE A NON-MERTERIOUS ISSUE AND AFFORDED MR JACKSON NO APPEAL AT ALL THE APPEAL RECORD WAS INCOMPLETE AND WITHOUT THE COMPLETE RECORD APPEALLATE COUNSEL HAD NO OTHER CHOICE BUT TO BE INEFFECTIVE IN HIS COUNSEL.APPLICANT HAS PROVEN HIS CLAIM.

BOTH APPEALLATE AND TRIAL COUNSEL HAVE

HAVE CLAIMED TRIAL STRATEGY FORD DEFENSE

APPLICANT CITES IF IT WAS TRIAL STRATEGY IT WAS NOT SOUND TRIAL STRATEGY

CASE LAWS OF AUTHORTY NEXT PAGE

9

IN CLOSING THE APPLICANT HAS PRESENTED TO THIS COURTH HIS WRIT ALONG WITH EVIDENCE IN THE FORM OF EXHIBITS IN THE APPENDIX OF HIS WRIT AND ALLEVIDENCE IS SUPPORTED BY THE RECORD OF THE TRIAL COURT THE DISTRICT ATTORNEY HAS TRIED TO SUBTERFUDGE APPLICANT'S WRIT WITH SMOKE SCREANS AND SPECULATIONS AND DECIET. THE APPLICANT HAS ADDRESSED THIS AND HAS STUCK TO THE FACTS OF THE GROUND OF ERROR IN HIS WRIT . AGAIN THE APPLICANT WOULD ASK THIS COURT TO VIEW HIS WRIT WITH A CAREFUL EYE. BOTH TRIAL AND APPEALLATE COUNSEL'S HAVE CLAIMED TRIAL STRATEGY AS A DEFENSE FOR THEIR ACTIONS . THE APPLICANT KNOWS THAT THIS IS APART OF THEIR TEACHINGS AND R TACTICS BUT APPLICANT WOULD REMIND THE COURT OF THE FOLLOWING CASES.

IN ADDITION , SIMPLY LABELING AN ATTORNEY'S ACTION "TRIAL STRATEGY" DOES NOT INSULATE THE ATTORNEY FROM A FINDING OF INEFFECTIVE ASSIS- TANCE OF COUNSEL. AN ATTORNEYS STRATEGY CAN BE SO ILL-CHOSEN AS TO RENDER A TRIAL FUNDAMENTALLY UNFAIR. SEE: UNITED STATES V. RUSMISEL, 716 F. 2d 301, 310 (5th Cir. 1983).

APPLICANT ASK THIS COURT TO TAKE INTO CONSIDERATION THE FOLLOWING CASE AND ASK THIS COURT TO CONSTRUE HIS WRIT AND ALL THE DOCUMENTS OF HIS WRIT LIBERALLY WITH AN EYE TOWARDS THE ATTAINMENT OF SUBSTANTIAL JUSTICE, IN ORDER TO PROTECT THIS PETITIONERS'S RIGHT AND DUE PROCESS. OF LAW . HUGHES V. ROWEY, 101 S. Ct. 173 (1980).

## CERTIFICATE OF SERVICE

A TRUE COPY OF THE ABOVE APPLICANT'S OBJECTION TO THE STATE'S MEMO- RANDUM FACTS FINDINGS AND CONCLUSIONS OF LAW HAS BEEN MAILED TO THE TARRANT COUNTY DISTRICT CLERK THOMAS A. WILDER 401 W.BELKNAP FORT WORTH,TEXAS 76196-0402 on the 4 day of OCTOBER , 2015

CHARLES JACKSON # 1101342

MARK STILES 3060 FM 3514

BEAUMONT,TEXAS 77705

## UNSWORN DECLARATION

I CHARLES ALFRED JACKSON, TDCJ-IDD NUMBER 1101342 BEING PRESENTLY INCARCERATED AT THE MARK W. STILES UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN JEFFERSON COUNTY, TEXAS DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.

SIGNED ON THE 4 day of OCTOBER, @)1%

_Charles Jackson_
PRINTED NAME

_Charles_
SIGNATURE

## EXHIBIT 1

**Applicant's Offical TDCJ-ID Administrative Layins For Legal Mail pickup**

---

TDCJ - INSTITUTIONAL DIVISION
OFFICIAL LAYIN PASS
ADMINISTRATIVE

EFFECTIVE DATE: 10/02/2015
FROM-TO TIME: 09:00-12:00
START DATE: 10/02/2015 END DATE: 10/02/2015

ADMIT: 01101342 JACKSON, CHARLES ALFRED
  REASON: MAIL/LEGAL          HOUSE: 18T-071

  JOB: UNASGN MEDICAL                    00:00-00:00
  EDUC:


  COUNTROOM: CNTRM

  TITLE: CNTRM

---

TDCJ - INSTITUTIONAL DIVISION
OFFICIAL LAYIN PASS
ADMINISTRATIVE

EFFECTIVE DATE: 10/06/2015
FROM-TO TIME: 09:00-12:00
START DATE: 10/06/2015 END DATE: 10/06/2015

ADMIT: 01101342 JACKSON, CHARLES ALFRED
  REASON: MAIL/LEGAL          HOUSE: 18T-071

  JOB: UNASGN MEDICAL                    00:00-00:00
  EDUC:


  COUNTROOM: CNTRM

  TITLE: CNTRM